Judge Owsley
delivered the opinion.
To obtain an allotment and conveyance to one eleventh part of » tract of one hundred acres of land in the county of Clarke, Grimes and wife exhibited their bill in equity against Jacob and Absalom March. They assert their right to the one eleventh of the land through Owen Winn, who, they charge at the time of bis death, held the equitable right to the entire tract under an obligation given by a certain John Cotton; and at whose death that equity descended upon his children, eleven in number, of whom tbe wife of Grimes is one. They allege, that after the death of Winn, his children, other than the wife of Grimes, sold their interest in the tract of one hundred acres to Jacob March, and at the same time gave him the obligation held by their ancestor on Cotton fora title, but expressly reserving to the wife of Grimes her just proportion in the land; that the said Jacob March has since obtained title from Cotton, and fraudulently convened the land to his son Absalom March; and that they have demanded of Jacob March a division and conveyance of the land, but he refuses todo so, &c.
The Marches, by their answer, deny the right asserted by Grimes and wife, and the defendant, Absalom, alleges, that he is a fair purchaser for a valuable consideration without actual notice of Grimes’s ciaim; and they both put Grimes and wife on the proof of the allegations of their bill, &c.
The court decreed a conveyance to be made for the one eleventh of the tract, but made each party pay their owa costs. To reverse the decree for costs, Grimes*and wife have brought this writ of error.
A cotnpl’t compelled to incur cosí s in the assertion of a right known to the defen !anft should recover bis costs
Hardin for plaintiff, lYicklfft for defendant in error.
We think a decree should have been rendered in favor of Grimes and wife for costs. From the exbílíits and depositions in the cause, it is perfectly clear that Grimes and wife were not only at the time March purchased the interest of the other children of Winn entitled to one eleventh of the land, but that the bond or. Cotton was delivered to March under an express assurance from him (hat a tide should be made to Grimes and wife for their proportion. After thus having obtained the bond On Cotton, and procured from him a conveyance for the whole tract, it was certainly incumbent on March, ⅛ order to avoid costs, ta have been ready and willing, on application, to lay off and convey the land to Grimes and wife; but instead of doing so, he appears not only to have made a voluntary conveyance of a part of the land to his son, but he seems to have refused to agree to any thing that would be binding on him when application was made for a division of the land; and after suit was commenced against him, instead of admitting the right which he knew Grimes and wife had to the land, he has produced most of the cost in this cause by requiring from them proof of their right. Under these circumstances* we entertain no doubt, the whole costs of the suit should be paid by March
The decree for costs must therefore be reversed, and the cause remanded, and a decree rendered by the court below in favor of Grimes and wife for costs.
Grimes and wife must, recover costs in this court.